# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD ROCHELLE SIMPSON,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF MERCED,<br><br>Respondent. | Case No. 1:21-cv-01121-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 13) |

Petitioner Harold Rochelle Simpson is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges various pretrial issues in his Merced County Superior Court criminal proceedings. As Petitioner has failed to exhaust state judicial remedies with respect to the claims he raises in the petition and mail has been returned as undeliverable more than sixty-three days ago, the Court finds that dismissal of the petition without prejudice is warranted for nonexhaustion and failure to prosecute.

**I.**

**BACKGROUND**

On July 22, 2021, Petitioner filed a federal habeas petition in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On July 26, 2021, the petition was transferred to the Fresno Division. (ECF No. 3). In the petition, Petitioner challenges various pretrial issues in his Merced County Superior Court criminal proceedings,

such as the trial court's failure to confer with Petitioner about California Penal Code section 1370, failure to communicate with Petitioner about court-ordered medication, refusal to substitute new counsel, and refusal to allow Petitioner to personally waive preliminary hearing. (ECF No. 1 at 6–7).[1] On August 5, 2021, Petitioner filed a "first amended petition," asserting a speedy trial claim. (ECF No. 9). The Court has construed the "first amended petition" as a supplement to the petition. (ECF No. 11).

On October 8, 2021, Respondent filed a motion to dismiss the petition based on Younger v. Harris, 401 U.S. 37 (1971), and nonexhaustion. (ECF No. 13). To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed. On October 28, 2021, the Court issued an order of clarification regarding district judge availability to hear matters in the Eastern District of California. (ECF No. 16). On November 22, 2021, the order of clarification was returned to the Court as undeliverable with a notation of "unable to forward."

## II.

## DISCUSSION

**A. Exhaustion**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id. A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). Here, Petitioner has failed to exhaust all available judicial remedies because he has not sought relief in the California Supreme Court. (ECF No. 1 at 2–3, 6–7; ECF No. 13 at 4). Accordingly, dismissal of the petition for nonexhaustion is warranted.[2]

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

[2] As the Court finds that the petition should be dismissed for nonexhaustion, the Court will not address Respondent's other argument that the petition should be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

### B. Failure to Prosecute

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a *pro se* petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b).

Here, the Court's order of clarification was returned to the Court as undeliverable with a notation of "unable to forward." Petitioner has not notified the Court of his current address, and it has been over sixty-three days since mail was returned by the U.S. Postal Service. Therefore, the petition should be dismissed without prejudice for failure to prosecute.

### III.
### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 13) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for nonexhaustion and failure to prosecute.

This findings and recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**FOURTEEN (14) days** after service of the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's findings and recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 9, 2022**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE